IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN COMBS, :
:
Plaintiff, :
:
v. : CIVIL ACTION NO. 10-5673
:
NCO FINANCIAL SYSTEMS, INC., *et al.*, :
:
Defendants. :

**MEMORANDUM**

YOHN, J.                                                                             April 5, 2011

Plaintiff, Helen Combs, brings this action against defendants, Capital One Services, LLC, Capital One, N.A. (collectively, "Capital One"), and NCO Financial Systems, Inc. ("NCO"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), and state law. Capital One moves to dismiss plaintiff's claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below I will grant in part and deny in part Capital One's motion.

**I. Factual and Procedural Background**

This case centers around an alleged debt of approximately $500.00 (the "Debt") owed by plaintiff's late husband to Capital One,[1] and attempts by defendants to collect the Debt. (*See* Compl. ¶ 9.) According to the allegations in the complaint, which I must accept as true in

---

[1] Plaintiff and Capital One do not distinguish between Capital One, N.A. and Capital One Services, LLC, in the complaint or the memoranda relating to Capital One's motion to dismiss.

deciding this motion to dismiss, plaintiff began to receive calls regarding the debt from NCO in or around September 2010. (*Id.*) NCO called at least five or six times per day. (Compl. ¶ 11.) Plaintiff informed NCO's agent that her husband was very sick and asked that NCO stop calling, but the agent "continue[d] to talk over" her and the calls continued. (Compl. ¶¶ 12-15.) On September 28, 2010, plaintiff's husband passed away. (Compl. ¶ 16.) When NCO called that morning, plaintiff informed NCO that her husband had passed away and again asked that NCO cease calling her, but the caller "continued to talk over" her and she continued to receive calls from NCO asking for her deceased husband, six to seven times per day. (Compl. ¶¶ 16-18.) The complaint does not specify precisely how long the calls continued, but plaintiff continued to receive calls at least until October 5, 2010, including on the day of her husband's funeral, despite repeated protestations that her husband had died. (Compl. ¶¶ 19-23, 29.)

On or around October 4, 2010, plaintiff's son mailed copies of plaintiff's husband's death certificate to defendants. (Compl. ¶ 24.) That same day, plaintiff received a letter from Capital One addressed to her husband, thanking him for contacting Capital One despite the fact that he was deceased and had not contacted Capital One. (Compl. ¶ 25; Compl. Ex. A.) Plaintiff called the number provided in that letter, but the number ultimately led to NCO although an automated message initially stated that it was Capital One. (Compl. ¶ 26.)

On October 4, 2010, plaintiff complained to Capital One about the phone calls, by email. (Compl. ¶¶ 27-28; Compl. Ex. B.) After exchanging more emails with Capital One, plaintiff received an email from a Capital One representative on October 11, 2010, informing her that the account would be sent to Capital One's estate department, and that the calls would cease. (Compl. ¶¶ 30-32; Compl. Ex. C; Compl. Ex. D.) Plaintiff spoke by phone with that Capital One

representative, who sympathized with plaintiff and told her that an investigation would be conducted. (Compl. ¶ 33.) Then on October 12, 2011, plaintiff received an email from Capital One offering her husband a payment plan. (Compl. ¶ 34; Compl. Ex. E.)

Plaintiff filed this action on October 26, 2010. Capital One has moved to dismiss under Rule 12(b)(6) for failure to state a claim.

## II.     Legal Standard

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations "that are 'merely consistent with' a defendant's liability," or that permit the court to infer no more than "the mere possibility of misconduct" are not enough. *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 557). Rather, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In evaluating a motion to dismiss, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); see also *Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[2]

---

[2] Plaintiff incorrectly claims that a movant under Rule 12(b)(6) must demonstrate "beyond doubt that no relief could be granted 'under any set of facts which could prove consistent with the allegations [in the complaint]' . . . ." (Pl.'s Mem. of Law in Opp'n to Capital One's Mot. to Dismiss ("Pl.'s Resp.") 3 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).) This is another formulation of the "no set of facts" standard set forth in *Conley v.*

**III. Discussion**

Plaintiff asserts claims against Capital One for violation of the FDCPA, civil conspiracy, and emotional distress intentionally inflicted. Capital One challenges plaintiff's three counts on different grounds, and I will address each in turn. For the reasons set forth below I will grant Capital One's motion as to plaintiff's claims for violation of the FDCPA and intentional infliction of emotional distress, and I will deny Capital One's motion as to plaintiff's civil conspiracy claim.

**A    FDCPA - Count I**

Capital One argues that plaintiff's FDCPA claim against it should be dismissed because Capital One, as the creditor with respect to the debt in question, cannot meet the definition of a "debt collector" under the FDCPA and therefore cannot be liable for breach of the act's provisions. (Capital One's Mem. of Law in Supp. of Mot. to Dismiss ("Capital One Mot.") 3-4.)

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The FDCPA's provisions generally apply only to 'debt collectors.'" *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379,

---

*Gibson*, 355 U.S. 41 (1957). As the Third Circuit recognized in *Fowler*, the "no set of facts" standard did not survive *Iqbal*. *Fowler*, 578 F.3d at 210 ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). Plaintiff also cites the correct standard.

403 (3d Cir. 2000). "Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA. *Id.*

It is by no means clear that plaintiff even intended to allege that Capital One is a "debt collector" within the meaning of the FDCPA. Plaintiff alleges that Capital One Services, LLC "is and was a limited liability company engaged in the business of providing financial services," and Capital One, N.A. "is and was a national banking association engaged in the business of commercial banking." (Compl. ¶¶ 6-7.) Plaintiff does allege that "Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is a 'debt collector' as defined by the FDCPA." (Compl. ¶ 8 (citation omitted).) It is unclear, however, if "Defendant" refers only to NCO, or to all three defendants. Even if I assume that plaintiff intended paragraph 8 to apply to Capital One, Count I must be dismissed as to Capital One.

In response to Capital One's motion, plaintiff does not explicitly contest or concede that Capital One is not a "debt collector" within the meaning of the FDCPA. Instead, plaintiff simply argues that Capital One is "vicariously liable under the FDCPA." (Pl.'s Resp. 5.) To be vicariously liable under the FDCPA, however, one must still be a "debt collector." *See Pollice*, 225 F.3d at 405 (an entity which itself meets the definition of a "debt collector" may be held vicariously liable under the FDCPA); *see also*, *e.g.*, *Gary v. Goldman & Co.*, 180 F. Supp. 2d 668, 673 (E.D. Pa. 2002) (defendant not vicariously liable because not itself a "debt collector"); *Martin v. United Recovery Sys., LP*, No. 07-1120, 2007 U.S. Dist. LEXIS 86109, at *7 (M.D. Pa. Nov. 21, 2007) ("[C]reditors may not be held vicariously liable under the FDCPA.") (citations omitted). Whether plaintiff has stated a claim against Capital One under the FDCPA thus

5

depends on whether plaintiff has properly alleged that Capital One meets the definition of a "debt collector," and she has not.

According to the complaint, "[i]n or around September, 2010, the Plaintiff began receiving phone calls from . . . NCO regarding an alleged debt *owed by the Plaintiff's husband to Capital One* in the approximate amount of $500.00." (Compl. ¶ 9 (emphasis added).) The correspondence with Capital One attached to the complaint also makes clear that the debt in question was owed to Capital One. (*See* Compl. Ex. A; Compl.Ex. E.) Nothing in the complaint or plaintiff's response to Capital One's motion suggests otherwise, or that any exception to this general rule applies.[3] Accordingly, plaintiff has failed to state an FDCPA claim against Capital One.[4]

### B. Civil Conspiracy - Count II

Under Pennsylvania Law,[5] to overcome a motion to dismiss, a party asserting civil

---

[3] For example, the FDCPA definition of a "debt collector" includes a creditor who "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Plaintiff has given no indication that this exception applies here.

[4] To the extent that plaintiff's conflation of Capital One Services, LLC and Capital One, N.A. may obscure a meaningful difference in their status with respect to the relevant debt, I note that the FDCPA also exempts from its prohibitions "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." 15 U.S.C. § 1692a(6)(B). As this issue has not been raised, however, I need not address it.

[5] I take plaintiff's claim as one for civil conspiracy under Pennsylvania law, although it is not made explicit in the complaint. Capital One cites Pennsylvania law in its memorandum of law and plaintiff's response cites caselaw dealing with state-law civil conspiracy. (*See* Capital One Mot. 5; Pl.'s Resp. 6.)

conspiracy must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997) (citation omitted). "Proof of malice, *i.e.*, an intent to injure, is essential in proof of a conspiracy." *Skipworth v. Lead Indus. Ass'n*, 690 A.2d 169, 174 (Pa. 1997).[6] Plaintiff's complaint meets this standard.

Capital One contends that plaintiff has failed to plead with sufficient specificity facts showing a conspiracy between Capital One and NCO. (*See* Capital One Mot. 6 ("the Complaint is devoid of any factual allegations showing that Capital One and NCO combined to act with the common purpose of performing an unlawful act or using unlawful means to perform a lawful act.").) According to Capital One, plaintiff has failed "to identify the period, object, or acts taken in furtherance of the alleged conspiracy—all requisite elements at the pleading stage." (Capital One Mot. 6.) As the cases cited by Capital One—involving conspiracy under 42 U.S.C. § 1985 and 42 U.S.C. § 1983—make clear, however, this is not a precise enumeration of mandatory pleading elements. *See Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly

---

[6] There is caselaw arguing that malice is not a separate element where a civil-conspiracy claim under Pennsylvania law is based on an independently actionable underlying wrong. *See Franklin Music Co. V. American Broadcasting Cos.*, 616 F.2d 528, 549-551 (3d Cir. 1979) (Sloviter, J., concurring) (distinguishing between conspiracy to do an unlawful act, and conspiracy with unlawful intent to injure but no underlying independent tort); *Malley-Duff & Assocs. v. Crown Life Ins. Co.*, 734 F.2d 133, 145 (3d Cir. 1984) (conspiracy may be a "combination to do an unlawful act" or a "combination to do acts with intent to injure another") (citing *Franklin*, 616 F.2d at 549, 551 (Sloviter, J. Concurring)). To the extent intent to injure is required here, plaintiff has adequately pleaded it by alleging that Capital One conspired to "willfully or knowingly violate the FDCPA" by subjecting plaintiff to illegal debt collection activities (Compl. ¶¶ 42, 45), as explained below.

7

allegations which are particularized, *such as* those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." (emphasis added)); *Loftus v. SEPTA*, 843 F. Supp. 981, 986 (E.D. Pa. 1994) (same).

I find the allegations in the complaint sufficient, but just barely, to support plaintiff's civil conspiracy claim. The complaint describes with specificity a course of conduct that, plaintiff claims, constitutes illegal debt collection activities in violation of the FDCPA,[7] and acts taken in furtherance thereof by both NCO and Capital One. Plaintiff charges that defendants "entered into an agreement under which [they] agreed to willfully or knowingly violate the FDCPA," and that the specific debt collection activities alleged in the complaint were carried out pursuant to that agreement. (Compl. ¶¶ 42, 45.)[8] Most of plaintiff's specific allegations describe conduct by NCO. However, plaintiff also describes correspondence from Capital One regarding the Debt and the related collection efforts. Among this correspondence is a letter from Capital One that directed plaintiff to call a telephone number; although the automated message played upon calling the number identified Capital One, plaintiff ended up reaching NCO. (Compl. ¶¶ 25-26.) This allegation in particular is suggestive of concerted action, and the allegations as a whole make

---

[7] Although "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act," *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008) (quoting *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. Ct. 2000)), my conclusion that plaintiff has failed to plead an FDCPA claim against Capital One is not fatal to plaintiff's civil conspiracy claim. *See Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400, 411 (W.D. Pa. 2002) ("Just because [the defendant] could not itself commit any unlawful act by selling derivatives, that does not mean that it could not be liable for a civil conspiracy with [a co-conspirator] if [that co-conspirator's] purchase of the derivatives were unlawful . . . .").

[8] Whether plaintiff can prove such an agreement is, of course, not before the court at this time.

clear the object of the alleged conspiracy and describe various acts taken in furtherance thereof. They also supply adequate factual support for each element of plaintiff's claim for civil conspiracy.

For these reasons I conclude that plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. I will therefore deny Capital One's motion to dismiss as to plaintiff's civil conspiracy claim.

### C. Emotional Distress Intentionally Inflicted - Count III

Capital One argues that plaintiff's claim for intentional infliction of emotional distress must fail because the complaint does not allege conduct sufficiently outrageous or extreme to justify recovery on this theory. (Capital One Mot. 6-7.) I agree.

The Pennsylvania Supreme Court has not explicitly recognized the tort of intentional infliction of emotional distress, but the Third Circuit has "consistently predicted . . . that the Pennsylvania Supreme Court will ultimately recognize this tort." *Pavlik v. Lane Ltd./Tobacco Exporters Intern.*, 135 F.3d 876, 890 (3d Cir. 1998). Pennsylvania's highest court has made clear that, to the extent the tort exists under Pennsylvania law, it is "reserved by the courts for only the most clearly desperate and ultra extreme conduct . . . ." *Hoy v. Angelone*, 720 A.2d 745, 753 n.10, 754 (Pa. 1998). In *Hoy*, the Pennsylvania Supreme Court rejected the notion that this standard could be met by "sexual harassment and a sexually hostile work environment" comprising "sexual propositions, physical contact with the back of [the plaintiff's] knee, the telling of off-color jokes and the use of profanity on a regular basis, as well as the posting of a

sexually suggestive picture." *Id.* at 754-55. As examples of the kind of conduct that has been found sufficiently outrageous to give rise to an intentional-infliction-of-emotional-distress claim, the court cited cases where the relevant defendant (1) hid the body of the plaintiffs' son after killing him in an automobile accident; (2) fabricated records indicating that the plaintiff had killed a third party, causing him to be indicted for homicide; and (3) knowingly released falsified medical information to the press indicating that the plaintiff suffered from a fatal disease. *Id.* at 754.

Plaintiff alleges that she was harassed by telephone during what was undoubtedly a very difficult period of her life. But her allegations do not rise to the requisite level of outrageousness to state a claim for intentional infliction of emotional distress. I will therefore grant Capital One's motion to dismiss as to this claim.

## IV. Conclusion

For the reasons stated above, I will grant Capital One's motion to dismiss as to plaintiff's FDCPA claim (Count I) and intentional infliction of emotional distress claim (Count III), as against Capital One. I will deny Capital One's motion to dismiss as to plaintiff's civil conspiracy claim (Count II). An appropriate order follows.